**NATIONAL INDEMNITY COMPANY, Plaintiff,**

v.

**Katherine GRIMM, Administratrix of the Estate of Gary Grimm, Martha Krigger, Executrix of the Estate of John E. Krigger, Patricia Nash, Executrix of the Estate of James Nash, Carmela Giaramita, Joseph Giaramita, Kaaren Merlo, Richard S. Merlo, Edward Leyda, Jr., Rita Leyda, and City of Pittsburgh, Commonwealth of Pennsylvania, Department of Transportation, Reithreilly Construction Company and Metalworking Lubricants, Inc., Defendants.**

No. CA89–1959.

United States District Court, W.D. Pennsylvania.

March 22, 1991.

Edward A. Russakoff, Pittsburgh, Pa., for plaintiff.

Edward J. Balzarini, George J. Berry, Richard Rosenthal, Paul F. Laughlin, John G. Shorall, II, Peter J. Mansmann, Robert B. Smith, John R. Orie, Eric N. Anderson, Pittsburgh, Pa., Neil J. Marcus, Monongahela, Pa., for defendants.

## MEMORANDUM OPINION

LEE, District Judge.

Plaintiff, National Indemnity Company, has moved this Court to grant summary judgment in its favor pursuant to Rule 56(a) of the Federal Rules of Civil Procedure.[1] In interpreting Rule 56(c), the United States Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) has ruled that:

"The plain language ... mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322 to 323, 106 S.Ct. at 2552 to 2552.

An issue of material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Incorporated*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Furthermore, the Court must view the facts in a light most favorable to the non-moving party and the burden of establishing that no genuine issue of material fact exists rests with the movant. *Pontius v. Children's Hospital*, 552 F.Supp. 1352 (W.D.Pa.1982).

In its Motion for Summary Judgment, plaintiff requests entry of a favorable disposition in the form of (1) an Order directing payment of the policy limit of $1 million into an interest bearing account;[2] (2) an Order commanding each of the defendants to interplead among themselves their respective rights and claims in the sum of $1 million due and payable under plaintiff's contract of insurance; (3) an Order enjoining and restraining each and all of the defendants from instituting or prosecuting further any proceeding in any state or United States Court on account of the accident or the insurance policy; (4) an Order,

---

1. **RULE 56. Summary Judgment**

   Federal Rule of Civil Procedure 56(a) and 56(c) differ, essentially, insofar as Rule 56(a) imposes time limitations upon the claimant with respect to the filing of such a motion. Otherwise, the substantive effect of a Rule 56(a) motion may be found in the language of Rule 56(c) which reads in pertinent part:

   "[Summary Judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law."

2. By Order of Court dated May 25, 1990, Plaintiff was directed to pay into Court the sum of $1 million representing its single-limit insurance policy limit which was to be invested by the Clerk of Courts in six-month Treasury Bills pursuant to Federal Rule of Civil Procedure 67 and U.S.D.C. Local Amended Rule 39. At a status conference held on July 5, 1990, Plaintiff informed the Court it had not yet paid the $1 million into Court because it was concerned it would be exposed to extensive delay damages and that counsel had been instructed by his client to file a Motion to Voluntarily Dismiss or Withdraw this action if defendants persisted in their delay damage claims.

   Counsel for defendants objected to the dismissal of the action and indicated if Plaintiff was permitted to withdraw or dismiss, Rule 11 Motions for sanctions would likely follow.

   Following the July 5, 1990 status conference, the Court Ordered Plaintiff to pay into Court the sum of $1 million and scheduled a hearing and argument on whether Plaintiff should be required to pay into the Court the amount of interest lost by reason of Plaintiff's non-compliance with the May 25, 1990 Order.

   On July 13, 1990, Plaintiff paid into Court the policy limit.

on final hearing, that each of the defendants and their agents, attorneys, representatives, assigns, and all other persons claiming by, through, or under them or any of them be perpetually enjoined and restrained from instituting or prosecuting further any proceeding in this or any other court of law or equity against the plaintiff on account of the policy described in the original Complaint for Interpleader; (5) an Order that plaintiff be fully and finally discharged from all liability under the policy described in the original Complaint for Interpleader; (6) an Order that plaintiff be awarded reasonable and proper attorney's fees and court costs in connection with the filing of the original Complaint in Interpleader and the prosecution of these actions, and; (7) an Order granting such further relief as may appear in the Court's discretion to be proper.

But for the scope of the Order requested by plaintiff the parties, except for the Commonwealth of Pennsylvania, are in agreement that a favorable disposition of plaintiff's Motion for Summary Judgment is appropriate. Also before the Court are claims of the individual claimants for delay damages under Pennsylvania Rule of Civil Procedure 238 and the Commonwealth's Motion to Dismiss pursuant to the Eleventh Amendment of the United States Constitution.

The Court will grant some, but not all, of the relief requested by the plaintiff and will assess an interest charge against plaintiff for its failure to pay into Court the policy limit of $1 million within a reasonable time following the Court's Order of May 25, 1990.

## BACKGROUND

On or about September 15, 1989, plaintiff instituted this action by filing a Complaint for Interpleader. In the Complaint, plaintiff averred that effective February 1, 1988, it issued a commercial liability insur-

ance policy to Kogers, Inc.[3] The policy contained a single limit of liability for bodily injury and property damage in the amount of $1 million for any one accident.

On January 19, 1989, while the policy was still in effect, a tanker truck owned by plaintiff's insured, Kogers, Inc. and operated by one of Kogers, Inc.'s employees, Mark Duncan, was involved in a multi-vehicle collision at the intersection of Route 51 and Woodruff Street in the City of Pittsburgh, Allegheny County, Pennsylvania. As a result of this accident, James Nash, John Krigger and Gary Grimm sustained injuries that ultimately led to their death. Other individuals, namely Carmela Giaramita, Kaaren Merlo and Edward Leyda, Jr. sustained personal injuries. In addition, the tanker truck involved in this accident struck a fence owned by the City of Pittsburgh causing the fence to be damaged beyond repair. The City of Pittsburgh incurred costs in removing debris from the site of the accident and replacing the damaged fence. The City also assumed the costs of cleaning the oil spill at the scene of the accident.

The estates of those who died and others injured as a result of this accident have presented claims in state court against Kogers, Inc. for damages. At the time plaintiff's interpleader action was instituted, four lawsuits had been filed against Kogers in state court. In the interim, this Court is aware that at least one additional lawsuit seeking damages for wrongful death and survival was filed in the Court of Common Pleas of Allegheny County, Pennsylvania. *See Cathy Ann Grimm, Administratrix of the Estate of Gary Roy Grimm, Deceased, vs. Kogers, Inc., a corporation, Neier, Inc., a corporation and successor-in-interest to Kogers, Inc., Metalworking Lubricants, Inc., a corporation, and Reithriley Construction Company, Defendants, vs. the City of Pittsburgh, Additional Defendant* filed at No. G.D. 89–07970.

---

**3.** Section II, Subsection A of the policy provides: "We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and re- sulting from the ownership, maintenance or use of a covered 'auto.' ... Our duty to defend or settle ends when the Liability Coverage Limit of the Insurance has been exhausted by payment of judgments or settlements."

Plaintiff acknowledges that both the Kogers, Inc. truck and the accident were covered within the meaning of the policy. Plaintiff concedes that the value of all of the claims against Kogers, Inc. would exceed the $1 million single limit of liability. Plaintiff now asserts it is in doubt and therefore cannot safely determine the extent of its liability to the various claimants.[4] In the interest of avoiding multiple and vexatious claims, plaintiff asks the Court to Order each of the defendants to interplead and to settle among themselves their respective rights and claims in the sum of $1 million due and payable under the insurance policy and grant summary judgment in its favor discharging plaintiff from further liability under the policy.

Except for the Commonwealth of Pennsylvania, the parties, by consent, submitted this matter to the jurisdiction of this Court and by our Order dated May 25, 1990, the parties were directed to submit a Consent Order to the Honorable John L. Musmanno, Administrative Judge of the Civil Division for the Court of Common Pleas of Allegheny County, Pennsylvania, to stay the underlying actions pending in that Court.[5] Additionally, plaintiff interpleader was ordered to pay into the Clerk of Courts the insurance policy single limit of $1 million pursuant to the relevant rules of procedure.

Forty-nine (49) days passed before plaintiff complied with the Court's May 25th Order. On July 13, 1990, plaintiff filed a certificate of compliance indicating it had deposited the sum of $1 million with the Deputy Clerk of Courts who in turn invested the funds in 182–day Treasury bills pursuant to Fed.R.Civ.P. 67, and U.S.D.C. Amended Local Rule 39.

In its proposed amended order, plaintiff asks the Court to enter an Order effective-ly enjoining the enforcement of any judgment against Kogers, Inc. or any other defendant in these consolidated actions. The proposed amended order provides:

> "Defendants are hereby ordered enjoined from pursuing enforcement of any judgments they obtain in any of the underlying lawsuits presently pending in the Court of Common Pleas of Allegheny County, Pennsylvania, in any other proceeding aside from this action."

In support of its position, plaintiff cites *State Farm Fire & Casualty Company v. Tashire*, 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967).

## ANALYSIS

■ Simply stated, the *Tashire* Court does not permit the broad injunctive relief requested by plaintiff. There can be little question that a variety of adverse claims arising out of this accident will exceed the policy limits as set forth above. Under these circumstances we are bound by the *Tashire* Court decision wherein the Supreme Court, in a statutory interpleader action under 28 U.S.C. § 1335, found that when interpleader is sought against persons with unliquidated tort claims against the insured, the claimants may be enjoined from asserting their rights to the proceeds of the insurance policy except within the interpleader action, but they cannot be enjoined from establishing their claims against the insured in a forum of their own choosing. *Id.* at 533, 87 S.Ct. at 1205.

Notwithstanding the fact that the insurance company in *Tashire* properly invoked the interpleader jurisdiction under Section 1335, the United States Supreme Court found the insurance company was not entitled to an order both enjoining prosecution of suits against it outside the confines of

---

**4.** Exhibit "B" is an affidavit of Walter Strain, the Regional Claims Manager for National Indemnity Company. In his statement, Mr. Strain concludes that upon investigation and evaluation of the pending three claims for wrongful death, the three claims for personal injury, and the property damage claim of the City of Pittsburgh, Kogers, Inc. would probably be held liable for damages the aggregate value of which would exceed the policy limit.

**5.** This Court's Memorandum Opinion of July 11, 1990 rescinded Paragraph 2 of the Order of Court dated May 25, 1990 which Ordered the parties to submit a Consent Order to the Administrative Judge of the Civil Division of the Court of Common Pleas of Allegheny County, to stay the underlying actions.

the interpleader proceeding and also extending such protection to the alleged tortfeasor.

In remanding the *Tashire* Case to the district court, the Supreme Court commented on the extent to which an injunction could be issued:

"State Farm's interest in this case, which is the fulcrum of the interpleader procedure, is confined to its $20,000 fund. That interest receives full vindication when the court restrains claimants from seeking to enforce against the insurance company any judgment obtained against its insured, except in the interpleader proceeding itself. To the extent that the District Court sought to control claimant's lawsuits against the insured and other alleged tortfeasors, it exceeded the powers granted to it by the statutory scheme."

We believe an injunction with respect to proceedings *against the fund itself* correctly applies the principles enunciated in the *Tashire* case. Were we to grant the relief requested, that being an Order which would extend protection to plaintiff's insured, the alleged tortfeasor, we would accomplish purposes that exceed the orderly contest with respect to the fund.

### CLAIMS FOR PENNSYLVANIA RULE OF CIVIL PROCEDURE 238 DELAY DAMAGES

Pursuant to this Court's Order of May 25, 1990, defendants submitted briefs in opposition to a proposed order relieving National Indemnity from liability for Pennsylvania Rule of Civil Procedure 238 Damages for Delay. Pa.Rule of Civil Procedure 238 provides for an award for delay at the request of a plaintiff in a civil action for death, bodily injury, or property damage, where a defendant found liable has failed to make an offer of settlement which the verdict does not exceed by more than 125%. Pennsylvania Rule of Civil Procedure 238 (effective Nov. 7, 1988).

At argument, counsel for the plaintiff originally indicated that the reason for the plaintiff not promptly complying with the Order of Court of May 25, 1990, was that the plaintiff did not want to expose itself to Rule 238 interest over and above the policy limit of $1 million. At a subsequent conference, a different attorney from the office of plaintiff's counsel contended, and subsequently briefed the position, that it would be improper for the Court to impose any liability for delay interest because Pennsylvania Courts have never directly determined the question of whether they can decide an insurer's responsibility for delay damages before trial. See *Krupa v. Williams*, 316 Pa.Super. 408, 463 A.2d 429 (1983).

Because we defer disposition of whether or not to impose Rule 238 damages on the plaintiff until such time that the state court reaches a determination in the underlying actions, including the propriety of delay damages, we need not decide whether the holding in *Krupa* prohibits the Court from deciding an insurer's responsibility for delay damages before trial. Jurisdiction over this issue will be retained.

### COMMONWEALTH'S MOTION TO DISMISS

■ National Indemnity has named in its interpleader action all parties who are involved in the various state court actions including the Commonwealth of Pennsylvania, Department of Transportation. Parenthetically, we note that the Commonwealth's Department of Transportation was named in the underlying action by one of the claimants, namely Patricia Nash, Executrix for the Estate of James Nash.

At Paragraph 24 of its Complaint for Interpleader, plaintiff notes that the Commonwealth of Pennsylvania, among others, may present crossclaims against Kogers, Inc., plaintiff's insured, as a result of the underlying litigation. The Commonwealth has responded by relying upon its grant of immunity from suit under Eleventh Amendment, U.S.C.A. Const.Amend. 11, which bars any claims against the Commonwealth of Pennsylvania, Department of Transportation.

In its Motion to Dismiss, the Commonwealth asserts that this Court has no juris-

diction over it in this interpleader action by virtue of the Eleventh Amendment. The Commonwealth contends this matter would have been more properly asserted in the State tribunals where jurisdiction exists as to all parties and where the Eleventh Amendment would not serve as a bar to claims against the Commonwealth. Accordingly, the Commonwealth maintains plaintiff's Amended Complaint for Interpleader should be dismissed.

The Eleventh Amendment to the United States Constitution provides:

> "The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against any one of the United States by citizens of another State, or by citizens or subjects of any Foreign State."

U.S.C.A. Const.Amend. 11.

As interpreted, the Eleventh Amendment prohibits a suit to which the state has not consented in which the state or one of its agencies or departments is named as a defendant. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Moreover, absent abrogation by congress or waiver by the state, the Eleventh Amendment insulates states from suits in federal court. U.S.C.A. Const.Amend. 11. *United States v. Union Gas Co.,* 792 F.2d 372 (3rd Cir. 1986), certiorari granted and vacated *Union Gas Co. v. Pennsylvania,* 479 U.S. 1025, 107 S.Ct. 865, 93 L.Ed.2d 821 (1987), on remand, 832 F.2d 1343 (3rd Cir.1987), certiorari granted 485 U.S. 958, 108 S.Ct. 1219, 99 L.Ed.2d 420 (1988), affirmed and remanded 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989).

The Commonwealth of Pennsylvania has neither consented to suit nor waived its sovereign immunity. Subsection (b) of 42 Pa.C.S.A. § 8521 expressly provides:

> (b) Federal Courts—Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal Court guaranteed by the Eleventh Amendment to the Constitution of the United States.

Because we conclude that this Court does not have jurisdiction over the Commonwealth by virtue of the Eleventh Amendment, the Commonwealth's Motion to Dismiss shall be granted.

## ASSESSMENT OF INTEREST

■ Finally, we must assess a charge in interest as a result of plaintiff's delay of 49 days before complying with the Court's Order of May 25, 1990. In that Order, plaintiff interpleader was directed to pay into the Clerk of Courts the insurance policy single limit of $1 million which was to be invested in 182–day Treasury bills pursuant to Fed.Rules Civ.Proc. 67, 28 U.S.C.A. and U.S.D.C. Amended Local Rule 39.

Plaintiff interpleader's failure to comply with the Court's Order of May 25, 1990 resulted in the Court's issuance of a second Order dated July 11, 1990, directing plaintiff to deposit the insurance policy limit with the Clerk of Court on or before July 16, 1990. Plaintiff was also required to file a certificate of compliance with its deposit. On July 26, 1990, the Court received notice from the Clerk of Court that plaintiff interpleader had deposited the sum of $1 million on July 13, 1990, in compliance with the Court's Order of July 11, 1990.

Notwithstanding plaintiff's argument supporting the reasons for its delay in depositing the policy limits with the Court, that argument being its concern over defendants' assertion of additional claims by way of delay damages, plaintiff is hereby Ordered to pay into Court the amount of $7,619.14 which represents a charge in interest for the period from June 7, 1990, through the compliance date of July 13, 1990. The Court imposes this obligation on the plaintiff because of plaintiff's failure to comply with an Order of Court that plaintiff had originally requested. This obligation is not being imposed in the guise of Rule 238 delay damages, but in the interest of fairness and equity.

June 7, 1990 is the date which the Court determines would have been the earliest available date for the Clerk of Courts to accept delivery of a 182–day Treasury bill

had the plaintiff promptly complied with this Court's Order of May 25, 1990.

The interest rate of 7.62% used in this calculation was the rate available for 182–day Treasury bills auctioned as of June 4, 1990.

The plaintiff's request for attorneys' fees and costs and other relief is denied because the Court finds that the plaintiff has obtained benefit from this Court's disposition of its interpleader action.

An appropriate Order will be entered.

## ORDER OF COURT

AND NOW to wit, this 22nd day of March, 1991, it is hereby ORDERED that plaintiff's Motion for Summary Judgment is granted in the following manner:

1. Plaintiff, National Indemnity Company is discharged from further liability under its Policy No. AP 25 54 57, effective beginning February 1, 1988 and ending February 1, 1989 and pursuant to which Kogers, Inc., was named insured.

2. All defendants shall interplead and settle among themselves their respective claims against the policy funds.

3. The insured, Kogers, Inc., shall be granted credit against any judgment entered against it in any action in the State Courts and arising out of the occurrence of January 19, 1989 for any amount paid to a judgment creditor out of the fund created by the plaintiff's policy limit paid into Court together with any interest earned thereon.

IT IS FURTHER ORDERED that the Commonwealth's Motion to Dismiss is hereby GRANTED. The Court will defer disposition of the defendants' claims in connection with Pennsylvania Rule of Civil Procedure 238 delay damages pending the disposition of that matter in each of the underlying State actions. However, this Court retains further jurisdiction with regard to the plaintiff's responsibility for delay damages pursuant to Pennsylvania Rule of Civil Procedure 238.

IT IS FURTHER ORDERED that plaintiff interpleader shall forthwith pay into the Office of the Clerk of Court the amount of $7,619.14 representing interest for the period of June 7, 1990, through July 13, 1990, which represents the loss of interest on the fund created by the plaintiff interpleader's payment into Court of its $1 million single policy limit. The plaintiff shall file a certificate of compliance with the Court.

IT IS FURTHER ORDERED that the plaintiff interpleader's request for attorneys' fees and costs and further relief is hereby denied.