GENERAL FOAM PLASTICS
CORP., Plaintiff,

v.

KRAEMER EXPORT CORP., Defendant.

Civ. A. No. 2:92cv736.

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 6, 1992.

Robert L. O'Donnell, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for General Foam Plastics Corp., plaintiff.

Janice Gail Murphy, Robert B. Wallace, Wilson, Elser, Moskowitz, Edelman & Dicker, Washington, D.C., Michael Ira Asen, Bleecker and Asen, New York City, for Kraemer Export Corp., defendant.

## MEMORANDUM OPINION AND ORDER

PAYNE, District Judge.

Defendant Kraemer Export Corporation ("Kraemer") has moved to transfer this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a) (1988). For the reasons set forth below, the motion is denied.

### STATEMENT OF FACTS

On August 17, 1992, plaintiff, General Foam Plastics Corporation ("General Foam"), a Virginia corporation with its principal place of business in Norfolk, Virginia, engaged in the business of manufacturing plastic swimming pools, initiated this breach of contract action in its home forum against Kraemer, a New York corporation with its principal place of business in New York, New York, by filing a Motion for Judgment in the Circuit Court for the City of Norfolk. According to the Motion for Judgment, Kraemer, a company that purchases finished goods for resale and export, submitted a purchase order to General Foam for 2,250 swimming pools. General Foam accepted the order, shipped 1,677 of the pools and sent an invoice to Kraemer for $231,072. Though not set forth in the Motion for Judgment, it appears that the pools were shipped to Kraemer's customer in the Federal Republic of Germany. In any event, General Foam alleges that Kraemer has not paid for these pools, thereby breaching its contract with General Foam. General Foam seeks recovery of the invoice amount plus interest.

Kraemer filed its answer denying liability and counter-claimed for damages, contending, among other things, that General Foam breached the contractual terms of the purchase order by delivering defective, non-conforming pools. Kraemer also removed the action to this court pursuant to

28 U.S.C. §§ 1441 and 1446 (1988), basing jurisdiction on diversity of citizenship. *See* 28 U.S.C. § 1332 (1988). Kraemer has not contested that it is subject to personal jurisdiction in this court under Virginia's long-arm statute, *see* 2 Va.Code Ann. § 8.01–328.1 (Michie 1992); Fed.R.Civ.P. 4(e), or that venue is proper in this court. *See* 28 U.S.C. § 1391(c) (1988). Pursuant to 28 U.S.C. § 1404(a), Kraemer has, however, moved to transfer this action to federal district court in New York.

### DISCUSSION

■ Under § 1404(a), transfer of an action to another "district or division where it might have been brought" is appropriate "for the convenience of the parties and witnesses" and "in the interest of justice." In determining whether to grant a motion to transfer under § 1404(a), a court considers and balances a variety of factors, including the convenience of the parties and witnesses; the cost of obtaining the attendance of witnesses; the availability of compulsory process; the interest in having local controversies decided at home; in diversity cases, the court's familiarity with the applicable law; and the interest of justice. *See, e.g., Board of Trustees, Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.,* 702 F.Supp. 1253, 1256 (E.D.Va.1988); *Eastern Scientific Mktg., Inc. v. Tekna–Seal, Inc.,* 696 F.Supp. 173, 180 n. 13 (E.D.Va.1988).

■ The burden is on the moving party to show that transfer to another forum is proper. *E.g., Kraft v. Hoskins,* 311 F.Supp. 1404, 1405 (E.D.Va.1970). In balancing the relevant factors, a plaintiff's choice of forum ordinarily is accorded substantial weight, particularly when, as here, the plaintiff brings an action in its home forum and the cause of action has a significant connection to that forum. *See, e.g., Hernandez v. Graebel Van Lines,* 761 F.Supp. 983, 990 (E.D.N.Y.1991); *Board of Trustees, Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.,* 702 F.Supp. 1253, 1256 (E.D.Va. 1988). To sustain its burden of demon-

strating transfer is appropriate, the defendant must show that " 'the balance of convenience among the parties and witnesses is *strongly* in favor of the forum to which transfer is sought.' " *Nossen v. Hoy,* 750 F.Supp. 740, 742 (E.D.Va.1990) (citation omitted); *Baylor Heating,* 702 F.Supp. at 1256. The decision whether to transfer an action is committed to the sound discretion of the district court. *See, e.g., Southern Ry. Co. v. Madden,* 235 F.2d 198, 201 (4th Cir.), *cert. denied,* 352 U.S. 953, 77 S.Ct. 328, 1 L.Ed.2d 244 (1956).

 Considering the applicable standard, Kraemer's motion falls well short of demonstrating that transfer is appropriate in this action. With regard to convenience of the parties and witnesses, Kraemer contends, without affidavit support, that transfer to New York is appropriate because its witnesses and records are in New York and because it is likely to call witnesses from Germany who can more easily travel to New York than to Norfolk. Kraemer further argues that Kraemer's German customer, Endress, GmbH, has informed Kraemer's counsel in Germany that Endress will commence an action against Kraemer in New York in November 1992 as a result of the allegedly defective pools it received. According to Kraemer, if that action is filed, General Foam will likely be a co-defendant or a third-party defendant.

Kraemer's arguments are unavailing. General Foam is a Virginia corporation based in Norfolk and has brought suit in its home forum. Not only are General Foam's witnesses and documents located here, but its cause of action has a strong connection to the forum. Under these circumstances, transferring the matter to New York is unwarranted because transfer simply would shift the balance of inconvenience to General Foam and its witnesses. *See, e.g., Baylor Heating,* 702 F.Supp. at 1258–60; *Tekna–Seal,* 696 F.Supp. at 180. More is required to prevail on a motion to transfer venue under § 1404(a). Furthermore, the possibility that Endress may commence a cause of action against Kraemer in New York and that General Foam may be a party to that action are speculative facts that do not materially alter the transfer calculus.

 The court further observes that Virginia law will likely apply to the breach of contract claims presented in this action. *See, e.g., Atlantic Permanent Fed. Sav. & Loan Ass'n v. American Casualty Co.,* 839 F.2d 212, 214 n. 4 (4th Cir.), *cert. denied,* 486 U.S. 1056, 108 S.Ct. 2824, 100 L.Ed.2d 925 (1988); *Crosson v. Conlee,* 745 F.2d 896, 902 (4th Cir.1984), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1759, 84 L.Ed.2d 822 (1985). Although the choice of law factor is not controlling, it is preferable to have cases decided by courts familiar with the substantive law to be applied. *See, e.g., Hernandez,* 761 F.Supp. at 991; *Chedid v. Boardwalk Regency Corp.,* 756 F.Supp. 941, 944 (E.D.Va.1991).

Accordingly, the court holds that Kraemer has failed to make the requisite strong showing of inconvenience or injustice necessary to justify transferring this action to New York.

### CONCLUSION

Based on the foregoing, Kraemer's motion to transfer this action to the United States District Court for the Southern District of New York is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

It is so ORDERED.