CAROLINA CASUALTY INSURANCE COMPANY, Plaintiff,

v.

Frank MARES, David L. Kaiser, Delores J. Hess, John M. Hess, Alan G. Bartel, Delores Bartel, Jeanne M. Rabinowitz, Ralph Rabinowitz, Helen Martinez, U.S.F. & G., Guaranty National Insurance Company, Steven W. Towns, J.C. Bangerter & Sons, Inc., Defendants.

Delores J. HESS, John M. Hess, Alan G. Bartel, Jeanne M. Rabinowitz, Ralph Rabinowitz, U.S.F. & G. and David L. Kaiser, Cross–Claimants,

v.

Steven W. TOWNS, J.C. Bangerter & Sons, Inc., Cross-Defendants.

Civ. A. No. 2:92cv746.

United States District Court,
E.D. Virginia,
Norfolk Division.

June 22, 1993.

Eric Scott Jensen, Nathan Hilles Smith, Smith & Jensen, P.C., Richmond, VA, for plaintiff.

Charles E. Gallagher, Jr., Timothy Edward Howie, O'Malley & Miles, Upper Marlboro, MD, Phillip S. Decaro, Taos, NM, for Frank Mares.

Mary Margaret Kellam, Slipow & Robusto, Virginia Beach, VA, for D.L. Kaiser.

Ralph Rabinowitz, Rabinowitz, Rafal, Swartz, Taliaferro & Gilbert, Norfolk, VA, for D.J. Hess, J.M. Hess, A.G. Bartel, D. Bartel and J.M. Rabinowitz.

Ralph Rabinowitz, pro se.

George Harrison Gilliam, Mark Alan Trank, Paxon, Smith, Gilliam & Scott, Charlottesville, VA, for U.S.F. & G.

Douglas B. Smith, Reynolds, Smith & Winters, P.C., Norfolk, VA, for Guar. Nat. Ins. Co.

Thomas Charles Dawson, Jr., Heilig, McKenry, Fraim & Lawlor, Norfolk, VA, Byron L. Stubbs, Salt Lake City, UT, for S.W. Towns and J.C. Bangerter & Sons, Inc.

## MEMORANDUM OPINION AND ORDER

PAYNE, District Judge.

This matter is before the court on the motion of J.C. Bangerter & Sons, Inc. ("Bangerter"), and Steven W. Towns ("Towns") to change the venue of this statutory interpleader action and to dismiss for lack of personal jurisdiction the cross-claims which have been asserted against them, and on the motion of Carolina Casualty Insurance Company ("Carolina Casualty") for injunctive relief. For the reasons explained fully below, Bangerter's and Towns' motion to change venue and Carolina Casualty's motion for injunctive relief are denied, and Bangerter's and Towns' motion to dismiss the cross-claims asserted against them is granted.

### STATEMENT OF FACTS

On February 1, 1992, a tractor-trailer owned by Bangerter and driven by Bangerter's employee, Towns, collided with a van while travelling on a highway in Colorado.[1] Bangerter's tractor-trailer was insured by Carolina Casualty under a commercial transportation policy with a per accident liability limit of one million dollars ($1,000,000.00), issued to Bangerter.[2] The collision resulted in serious injuries to the occupants of the van, who now seek compensation for their injuries.

The van was owned by defendant Helen Martinez, owner of Pride of Taos Tours and a resident of New Mexico, and was driven by defendant Frank Mares, an employee of Pride of Taos Tours and also a resident of New Mexico. Defendants, Dr. and Mrs. David L. Kaiser, Mr. and Mrs. Hess, Mr. and Mrs. Bartel, Mr. and Mrs. Rabinowitz and Mr. and Mrs. Karesh (collectively the "passenger defendants"), were passengers in the vehicle owned by Martinez and driven by Mares. The passenger defendants are all residents of Virginia.

There are two insurer defendants. Guaranty National Insurance Company ("Guaranty National") is the personal injury and property damage carrier for Martinez. It has noted with Carolina Casualty a subrogation claim for reimbursement of medical expenses for the passenger defendants and for income payments to Mares, all purportedly paid pursuant to Colorado law. United States Fidelity and Guaranty Company ("USF & G") is the worker's compensation carrier for Martinez. It has noted with Carolina Casualty a subrogation claim for payments made to Mares pursuant to the worker's compensation law of New Mexico.

Carolina Casualty filed this statutory interpleader action pursuant to 28 U.S.C. § 1335 naming defendants Bangerter, Towns, the passenger defendants and the insurer defendants as actual or potential claimants to the interpleaded fund of $926,013.19, which is the balance of Carolina Casualty's coverage after settlement of several claims. Apparently, all parties agree that the damages caused by the accident exceed the per accident liability limit set by the insurance policy and hence a number of the defendants have filed cross-claims against both Bangerter and Towns seeking damages in excess of the policy limits.

### DISCUSSION

A. *The Motion To Transfer*

Bangerter and Towns assert that venue is not proper in this court, and that this statutory interpleader action should be transferred to the United States District Court for the Central District of Utah. Venue in statutory interpleader actions filed pursuant to 28 U.S.C. § 1335 is governed by 28 U.S.C. § 1397, which provides that "[a]ny civil action of interpleader or in the nature of interpleader under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside." Carolina Casualty's interpleader complaint alleges that seven of the actual or potential claim-

---

1. Bangerter is incorporated under the laws of Utah, and has its principal place of business in Layton, Utah. It is also licensed to do business in Arizona and several other western states. At the time of the accident Towns was a resident of Phoenix, Arizona, but his current whereabouts are unknown.

2. Carolina Casualty is incorporated, and has its principal place of business in Florida.

ants to the fund reside in the Eastern District of Virginia.[3] Each of those seven has answered the complaint, and has admitted that his or her residence is within this judicial district. Indeed, Bangerter and Towns themselves apparently admit the allegations of the complaint respecting the citizenship of those claimants. Accordingly, since "one or more of the claimants reside" in the Eastern District of Virginia, venue is proper in this district under 28 U.S.C. § 1397.

Bangerter and Towns inexplicably fail to address 28 U.S.C. § 1397 in their motion to transfer, focusing instead on the general venue statute, which provides in pertinent part:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*See* 28 U.S.C. § 1391(b). For reasons not entirely clear, Bangerter and Towns assert that this statutory interpleader action cannot be brought in a judicial district which does not satisfy one of the three requirements stated in § 1391(b). They are in error, however, because by its explicit terms § 1391(b) sets venue requirements only to the extent that venue is not "... otherwise provided by law." Accordingly, 28 U.S.C. § 1391(b), the general venue provision, must yield to 28 U.S.C. § 1397, the venue provision specifically applicable to statutory interpleader actions. And, under § 1397, venue is clearly proper in this judicial district.

 Bangerter and Towns further urge the court to transfer this action to the United States District Court for the Central District of Utah under 28 U.S.C. § 1404(a) and the doctrine of forum non conveniens. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden is on the moving party to show that transfer to another forum is appropriate, *see General Foam Plastics Corp. v. Kraemer Export Corp.*, 806 F.Supp. 88, 89 (E.D.Va.1992), and the movant "must show that 'the balance of convenience among the parties and witnesses is *strongly* in favor of the forum to which transfer is sought.'" *Id.* at 90 (emphasis in original) (citations omitted). Finally, "[t]he decision whether to transfer an action is committed to the sound discretion of the district court." *Id.*

Bangerter and Towns assert, without elaboration, that this action could have been brought originally in the United States District Court for the Central District of Utah. Rather than addressing that threshold issue,[4] Bangerter and Towns instead focus on what they perceive to be the inconvenience to them of proceeding with this action in this district. Bangerter represents that it is incorporated under the laws of Utah and has its principal office in that state, *see* Rast Aff. ¶ 2, and that it is licensed to do business in Arizona and other western states but has had absolutely no contact with the state of Virginia. *See* Rast Aff. ¶¶ 3–4. Although it is likewise represented that Towns is also a stranger to this forum, the record shows no connection between Towns, who is legally a resident of Arizona, and the State of Utah. *See generally* Rast Aff. In sum, Bangerter and Towns assert that:

it would be an insurmountable injustice to require Bangerter and Towns to appear before [this] court and defend itself [sic] in the State of Virginia. Said injustice being caused by the distance, the forum to which defendants Bangerter and Towns are strangers, and the expense involved, all of

---

3. Although identified as potential claimants in the interpleader complaint, neither John M. Hess nor Ralph Rabinowitz have identified any injuries in their answer to the complaint.

4. The parties have not focused on this issue, but it need not be decided in order to resolve the venue issue as posited by Bangerter and Towns.

which would destroy the viability of [Bangerter].

Rast Aff. ¶ 5.

Bangerter and Towns have cited no authority in support of the proposition that their convenience is dispositive of this issue and, indeed, that is not the dispositive factor:

> In determining whether to grant a motion to transfer under § 1404(a), a court considers and balances a variety of factors, including the convenience of the parties and witnesses; the cost of obtaining the attendance of witnesses; the availability of compulsory process; the interest in having local controversies decided at home; in diversity cases, the court's familiarity with the applicable law; and the interest of justice.

*See General Foam Plastics Corp.*, 806 F.Supp. at 89 (citations omitted). Bangerter is the only Utah resident named as a defendant in this action. Bangerter's interest in having this action transferred to Utah, therefore, must be balanced with the interest of the five claimants who reside in this judicial district in having the action proceed here. Not only have Bangerter and Towns ignored that facet of the equation, but they also have failed to demonstrate that the convenience of the witnesses or the other parties favors proceeding in Utah. Finally, they have not identified any other factor that would make it in the interest of justice to transfer this action to the Central District of Utah. Accordingly, Bangerter's and Towns' motion to transfer venue is denied.

B. *The Cross-claims Asserted Against Bangerter and Towns*

Bangerter and Towns also have moved for dismissal of the cross-claims asserted against them by USF & G, David L. Kaiser ("Kaiser"), Mr. and Mrs. Rabinowitz, Mr. and Mrs. Bartel and Mr. and Mrs. Hess. These cross-claims seek to recover all losses which the interpleader fund proves insufficient to satisfy. Bangerter and Towns frame the issue presented in their motion as "whether a federal court has jurisdiction to entertain a personal cross-claim by one interpleaded party against another," *see* Steven W. Towns'

and J.C. Bangerter & Sons, Inc.'s Mem. of Facts & Law In Supp. of Their Motion for Change of Venue at 4, and urge that "the court lacks personal jurisdiction to proceed with the cross-claims against Bangerter and Towns in this forum...." *Id.,* at p. 5.

The motion filed by Bangerter and Towns is unartful, but it appears to attack the use of the Federal Interpleader Act[5] by the cross-claimants as a basis for the court to exercise personal jurisdiction over them for the purpose of adjudicating the personal cross-claims. Bangerter, Towns, and Kaiser correctly note that the courts which have addressed this issue have reached conflicting results. *See generally* V. Woerner, Annotation, *Jurisdiction and Venue of Federal Court, Under Federal Interpleader Statutes, to Entertain Cross Claim by One Interpleaded Party Against Another,* 17 A.L.R.2d 741 (1951). In this circuit, however, the scope of a district court's authority to entertain a personal cross-claim filed by one interpleaded party against another is well established. *See Allstate Insurance Co. v. McNeill,* 382 F.2d 84 (4th Cir.1967), *cert. denied sub nom., Murray v. McNeill,* 392 U.S. 931, 88 S.Ct. 2290, 20 L.Ed.2d 1390 (1968).

*McNeill* involved a collision between an automobile and a bus. The insurer of the automobile instituted an interpleader action naming as defendants the owner and the driver of the bus, as well as the administrator of the estates of the two automobile passengers. *Id.* at p. 86. The administrator subsequently filed personal cross-claims against the owner of the bus and its driver. The district court denied the motion of the bus owner and driver to dismiss the cross-claims against them, but United States Court of Appeals for the Fourth Circuit reversed. The Court of Appeals held that interpleader:

> may not be used as the arena for resolution of claims of the defendants inter se, except insofar as they have adversity in their demands upon the fund.... Of course, cross-claims may be asserted by [the automobile passengers'] estates under F.R.Civ.P. 13(g) against [the bus owner and driver], *to attack their claims against*

5. *See* 28 U.S.C. §§ 1335, 1397 and 2361.

*the common fund, but for no other purpose.*

*Id.* (emphasis added) (citing *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967)).

■ The cross-claims asserted against Bangerter and Towns in this action do not fall within the scope of permissible cross-claims which may be asserted in a statutory interpleader action. Here, the cross-claimants do not seek to attack Bangerter's or Towns' claims to the interpleaded fund; rather, they seek to establish their right to recover from Bangerter and Towns any part of their damages not satisfied by the interpleader fund. Service of process was had upon Bangerter and Towns pursuant to 28 U.S.C. § 2361, which by its terms can only be used in statutory interpleader actions under 28 U.S.C. § 1335:

> In any action *of interpleader or in the nature of interpleader under section 1335* of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States Marshals for the respective districts where the claimants reside or may be found. . . .

*See* 28 U.S.C. § 2361 (emphasis added). Section 2361 authorizes nationwide service of process only in actions "of interpleader or in the nature of interpleader under section 1335." *Id.* Because the cross-claims asserted against Bangerter and Towns do not fall within this narrow category of cases in which nationwide service of process is authorized, "[e]xercise of jurisdiction against [Bangerter and Towns] would . . . constitute an abuse of the interpleader statute." *Great Western Cities, Inc. v. Curtis,* 588 F.Supp. 73, 76 (S.D.N.Y.1984). *Accord Marine Bank & Trust Co. v. Hamilton Bros., Inc.,* 55 F.R.D. 505, 506 (M.D.Fla.1972).

Since the personal cross-claims asserted against Bangerter and Towns are not properly before this court if personal jurisdiction is predicated upon the Federal Interpleader Act, as it apparently is, the court's jurisdictional reach is limited by the constraints of Fed.R.Civ.P. 4 and its concomitant due process requirements. Nothing in the record at this stage of the proceedings suggests that Bangerter and Towns are amenable to process in this district as regards the cross-claims asserted against them. However, in the interest of justice and judicial economy, the motion to dismiss the cross-claims is granted without prejudice so that, in the event that Bangerter and Towns are amenable to personal jurisdiction as to those claims, the cross-claims may be renewed by filing appropriate pleadings within ten (10) days after entry of this Memorandum Opinion and Order.

### C. Carolina Casualty's Prayer For Injunctive Relief

■ Carolina Casualty's complaint asks the court to "issue an Order of Injunction enjoining and restraining all of the defendants from instituting or prosecuting any suit or proceeding against plaintiff, Steven W. Towns, and/or J.C. Bangerter & Sons, Inc., on account of the accident of February 1, 1992 . . . or the insurance policy . . ., and that in due course the Order of Injunction be made permanent." (*See* Complaint at p. 10.). The court is not authorized to grant the requested relief.

The scope of the power of district courts to enter injunctions in statutory interpleader actions was explained by the Supreme Court of the United States in *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967). In *Tashire,* as here, the insurer attempted to enjoin the interpleader defendants from prosecuting any action against its insureds, the alleged tortfeasors. The Supreme Court held that when the statutory interpleader remedy is sought against persons with unliquidated tort claims against the insured a district court may enjoin the interpleader defendants from asserting their rights to the proceeds of the insurance policy in another

forum, but that the district court may not enjoin the interpleader defendants from prosecuting their claims against the insureds in a forum, of their own choice. *Id.* at 535, 87 S.Ct. at 1206:

> [The insurer's] interest in this case, which is the fulcrum of the interpleader procedure, is confined to [the interpleader fund]. That interest receives full vindication when the court restrains claimants from seeking to enforce against the insurance company any judgment obtained against its insured, except in the interpleader procedure itself. *To the extent that the District Court sought to control the claimant's lawsuits against the insured and other alleged tortfeasors, it exceeded the powers granted to it by the statutory scheme.*

*Id.* (emphasis added). *Accord National Indemnity Co. v. Grimm,* 760 F.Supp. 489, 492–93 (W.D.Pa.1991); *Mid–American Indemnity Co. v. McMahan,* 666 F.Supp. 926, 928–29 (S.D.Miss.1987).[6]

Accordingly, the court denies Carolina Casualty's motion for an injunction against the institution or prosecution of actions against Bangerter and Towns which merely seek to establish their liability but which do not seek to reach the fund which is the subject matter of this action. This denial is without prejudice to a proper motion by Carolina Casualty for an order enjoining any actions by the defendants against the interpleader fund, except for within the bounds of the instant interpleader action.[7]

## CONCLUSION

For the reasons stated above, Bangerter's and Towns' motion to transfer venue to the United States District Court for the Central District of Utah is denied; Bangerter's and Towns' motion to dismiss the cross-claims asserted against them by USF & G, Kaiser, Delores J. Hess, John M. Hess, Alan G. Bartel, Jeanne M. Rabinowitz, and Ralph Rabinowitz is granted without prejudice to

the filing of such cross-claims on a properly demonstrated jurisdictional basis within ten (10) days from the entry of this Memorandum Order and Opinion; and Carolina Casualty's motion for injunction is denied.

It is so ORDERED.

---

**6.** Carolina Casualty cites *MFA Mutual Insurance Co. v. Lobby,* 295 F.Supp. 660 (W.D.Va.1969), in support of its request for an injunction against actions against its insureds. Although that case arguably provides some support for Carolina Casualty's position, the court does not find the reasoning in that case persuasive, especially in light of the fact that the *MFA* court did not mention or discuss the Supreme Court's decision in *Tashire.*

**7.** The court does not construe Carolina Casualty's complaint to seek such an order.